**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

VENDAVO, INC., a Delaware corporation,

        Plaintiff,

   v.

CONNIE KOURY

        Defendant.

---

## COMPLAINT

Defendant Connie Koury ("Koury") was employed by Vendavo, Inc. ("Plaintiff" or "Vendavo") for almost a year as an executive sales leader, reporting to senior management. In this position she had detailed and wide-ranging access to Plaintiff's trade secrets, and she signed a non-compete agreement at the beginning of her employment.

In October of 2019, Koury left Vendavo. Vendavo believed Koury would respect her obligations to Vendavo, but has recently learned that instead, she has joined a direct competitor.

To protect its business-critical trade secrets and to enforce its contract rights, Vendavo files this action and requests immediate injunctive relief. Vendavo asserts claims for misappropriation of trade secrets and breach of contract, and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Vendavo, Inc. is a Delaware corporation with its principal place of business located at 1401 17th St, # 800, Denver, CO 80202.

2.     Defendant Connie Koury is an individual who resides at 6287 Belvedere Green

Blvd. Dublin, OH 43016.

3.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts federal claims under the Defend Trade Secrets Action ("DTSA"), 18 U.S.C. § 1832.  The Court also has supplemental or pendent jurisdiction over Plaintiff's remaining claims insofar as those claims form part of the same case or controversy as the federal question claims, pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this Court pursuant to Paragraph 13(a) of the Confidential Information and Invention Assignment Agreement (the "CIIA"), which provides in part:

> To the extent that any lawsuit is permitted under this Agreement, [Koury] hereby expressly consent[s] to the personal and exclusive jurisdiction and venue of the state and federal courts located in Colorado for any lawsuit filed against [Koury] by [Vendavo] concerning the Relationship or the termination of the Relationship, or arising from or relating to this Agreement.

See **Ex. 1** at ¶ 13(a).

5.      Additionally, the parties agreed the CIIA would be construed in accordance with the laws of the State of Colorado.  *See id*.

## GENERAL ALLEGATIONS

6.      Vendavo is an enterprise software company that offers price management and optimization software to streamline pricing process for businesses both nationally and internationally.  The majority of its customers are Fortune 100 corporations who use its tools to maximize profits while dealing with multi-part deliverables and complex supply chains.

7.      Koury is a former Vendavo sales leader and professional staff member who has now resigned from Vendavo to join Pros Holdings, Inc. ("PROS")—a direct competitor to Vendavo.

8.      In connection with her employment at Vendavo, Koury was a sales leader who reporting to a Vice President and other members of Vendavo's executive team.

9.      Sales leaders, like Koury, work closely with Vendavo clients and potential clients to help them improve sales margins, product and pricing organizations, volume and revenue compliance, and increase return on investment through use of Vendavo's proprietary software packages.

10.     Throughout her employment with Vendavo, Koury was an integral employee who maintained business relationships with and responsibility over Vendavo's key clients and accounts.

11.     To enable Koury to service its clients, Vendavo provided her with access to Vendavo's confidential and proprietary software products, including its Profit Analyzer™, Price Manager™, and Deal Manager™.  It also provided her with extensive client records and needs, detailed analysis of customers and prospects by industry, and other trade secret information.  She attended "sales kickoff" meetings and confidentiality training, had access to customer and prospective customer lists across all industries, was intimately familiar with Vendavo's sales strategies and value proposition to its customers, knew the details of Vendavo's product roadmap for upcoming years, knew what customization to the software particular customers requested, and had access to the sales presentations given to prospective customers under NDAs.

12.     Vendavo paid Koury and provided her with an opportunity to develop, cultivate and maintain relationships with its clients.

13.     There is no public source available from which Koury (or anyone else) could ascertain the information provided by Vendavo to Koury—this is so precisely to prevent

competitors, such as PROS, from obtaining information about Vendavo's proprietary software package, customers and prospects, sales strategies and customer needs, financials, product roadmaps and the like.

### *Koury's Contractual Obligations Not to Compete or Reveal Vendavo's Trade Secrets*

14.     As a condition of her employment at Vendavo, Koury was required to sign the CIIA, which she executed on February 4, 2019.  A true and correct copy of the CIIA executed by Koury is attached as **Exhibit 1** and incorporated herein by reference.

15.     The CIIA is supported by consideration and is fully enforceable because Koury executed it in exchange for continued at-will employment with Vendavo and the compensation and benefits she received from Vendavo.

16.     In the CIIA, Koury acknowledged that as a result of her employment with Vendavo, she would be given access to "Confidential Information that will enable [her] to optimize the performance of [her] duties to the Company," and agreed to "hold in strictest confidence and trust, and not to use … any Confidential Information of the Company."  *See* Ex. 1, ¶ 4(a).

17.     Koury also agreed that "[D]uring the course of the Relationship and for a period of twelve (12) months immediately following termination of the Relationship for any reason ... [Koury] will not without the prior written consent of the Company: (i) serve as a ... employee or otherwise for ... any business in competition with or otherwise similar to the [Vendavo's] business."  *Id.* at ¶ 11(a).

18.     Koury further agreed that her "obligation not to compete … is necessary to protect Vendavo's Confidential Information and particularly its trade secrets."  *Id.* at ¶ 11(b).

19.     Koury acknowledged that she read and understood all of the terms of the CIIA and had the opportunity to seek the advice of independent legal counsel before executing the CIIA.  *Id.* at ¶ 13(g).

20.     PROS, Koury's new employer, offers extremely similar products and service to those of Vendavo, and PROS is a direct competitor to Vendavo in the pricing optimization space.

21.     Koury is bound by the terms of the CIIA she executed with Vendavo.

### *Koury Breached the CIIA After Leaving Vendavo*

22.     Although Koury was contractually obligated to refrain from joining a competitor, Vendavo has learned that she did so almost immediately after terminating her employment with Vendavo on or about October 2, 2019.

23.     Upon information and belief, Koury remains an employee with PROS and continues to improperly use and share Vendavo's trade secret information with PROS's officers, directors, and/or employees, in direct violation of the Defend Trade Secrets Act of 2016 (the "DTSA"), Colorado's trade secrets act, and the CIIA.  This is classic misappropriation.

24.     At all material times, Koury knew that she had an obligation to (i) keep Vendavo's trade secrets confidential and (ii) refrain from becoming an employee of Vendavo's competitors for 12 months following termination of employment with Vendavo.

25.     Despite her knowledge of these contractual obligations, Koury breached the CIIA and remains in breach of the agreement.

### *Vendavo Takes Reasonable Steps to Preserve the Secrecy of its Proprietary Information*

26.     Vendavo's sales processes, target customers, product roadmaps, sales presentations, value propositions, pricing, and functionality are trade secrets of Vendavo subject

to protection under the Colorado Uniform Trade Secrets Act, Colo. Rev. Stat. §§7-74-101, et seq. and the DTSA.

27.     This information derives independent economic value by not being accessible, through proper means, to competitors such as PROS who can profit from its use or disclosure.  The information is not available to the public or to Vendavo's competitors, and Vendavo has spent significant sums, in terms of both financial and human resources, to develop and maintain this information that is of great value to any competitor.

28.     Vendavo has taken more than adequate measures under the circumstances to maintain the secrecy of this information, including requiring complex and changing computer access passwords to be used to access Vendavo's computer systems and records, restricting access to its business premises, and requiring employees, including Koury, to sign agreements which expressly prohibit the use, removal and disclosure of such information outside of Vendavo.  *See* Ex. 1.

29.     Vendavo takes other steps to protect the secrecy of this information, including training its employees on their obligations to protect confidential information and protect against the wrongful dissemination of proprietary information.

### COUNT I
### Misappropriation of Trade Secrets
### Defend Trade Secrets Act (18 U.S.C. § 1831 *et seq.*)

30.     Vendavo incorporates each allegation set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

31.     Vendavo's software design, sales process, target customers, value proposition, product roadmap, sales presentations, pricing, and functionality are trade secrets of Vendavo

subject to protection under the Defend Trade Secrets Act, 18 U.S.C. § 1831 *et seq*.

32.     This information is valuable because it is not generally known or readily accessible, through proper means, to others who can profit from its use, and it is the core driver of Vendavo's business

33.     Vendavo has taken more than adequate measures under the circumstances to maintain the secrecy of this information as detailed in the paragraphs above.

34.     The foregoing conduct of Koury constitutes an actual and threatened misappropriation and misuse of Vendavo's trade secret information in violation of the DTSA.

35.     As a consequence of the foregoing, Vendavo has suffered and will continue to suffer irreparable harm and loss and has sustained damages including but not limited to loss of capital, loss of valuable business, loss of past and future profits, and loss of goodwill in an amount to be determined at trial, which damages are ongoing and continue unabated at the time of filing of this Complaint.

### COUNT II
### Misappropriation of Trade Secrets
### Colorado Uniform Trade Secrets Act (C.R.S. § 7-74-101 *et seq*.)

36.     Vendavo incorporates each allegation set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

37.     Vendavo's software design, sales process, target customers, value proposition, product roadmap, sales presentations, pricing, and functionality are trade secrets of Vendavo subject to protection under the Colorado Uniform Trade Secrets Act, Colo. Rev. Stat. §7-74-101 *et seq*.

38.     This information is valuable because it is not generally known or readily accessible, through proper means, to others who can profit from its use.

39.     Vendavo has taken more than adequate measures under the circumstances to maintain the secrecy of this information as detailed in the paragraphs above.

40.     The foregoing conduct of Koury constitutes an actual and threatened misappropriation and misuse of Vendavo's trade secret information in violation of the Colorado Uniform Trade Secrets Act.

41.     As a consequence of the foregoing, Vendavo has suffered and will continue to suffer irreparable harm and loss and has sustained damages including but not limited to loss of capital, loss of valuable business, loss of past and future profits, and loss of goodwill in an amount to be determined at trial, which damages are ongoing and continue unabated at the time of filing of this Complaint.

## COUNT III
## Breach of Contract

42.     Vendavo incorporates each allegation set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.

43.     The CIIA is a valid and enforceable contract between Vendavo and Koury.

44.     Vendavo has performed all material obligations required of it under the CIIA.

45.     Koury breached Section 4(a) of the CIIA by failing to hold in confidence and trust, and not to use, Vendavo's confidential information and trade secrets.

46.     Koury also breached Section 11(a) of the CIIA by serving as an employee or otherwise for PROS, a business similar to and *in direct competition with Vendavo*, within 12 months following termination of her employment with Vendavo.

47.    As a direct and proximate cause of Koury's breach, Vendavo has been damaged in an exact amount to be proven at trial.

**WHEREFORE**, Vendavo, Inc. hereby demands the following remedies and relief:

a) A temporary, preliminary and permanent injunction, enjoining Koury, directly or indirectly, and whether alone or in concert with others (including PROS), from using, disclosing, or transmitting Vendavo's trade secret information for any purpose;

b) A temporary, preliminary and permanent injunction, enjoining Koury, directly or indirectly from working with PROS or other Vendavo customers for the next 12 months;

c) A judgment for compensatory damages against Koury and in favor of Vendavo for harm caused by Koury's breaches of the CIIA in an amount to be proven at trial;

d) A judgment against Koury in favor of Vendavo in the amount of all of Vendavo's attorneys' fees and costs incurred as a result of this dispute.

e) A judgment against Koury in favor of Vendavo for all applicable pre-judgment and post-judgment interest; and

f) Such other relief as the Court deems necessary, just, and proper.

Respectfully submitted this 27th day of March, 2020.

GREENBERG TRAURIG, LLP

John A. Wharton
GREENBERG TRAURIG, LLP
1144 Fifteenth St., Ste. 3300
Denver, Colorado 80202
Phone: (303) 572-6500
whartonj@gtlaw.com


*s/ L. Scott Oliver*
L. Scott Oliver
GREENBERG TRAURIG, LLP
1900 University Ave., 5th Floor
East Palo Alto, CA 94303
Phone: (650) 289.7821
soliver@gtlaw.com


Address of Plaintiff:
1401 17th St, # 800
Denver, CO 80202