IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-00850-CMA-NYW

VENDAVO, INC., a Delaware corporation,

    Plaintiff,

v.

CONNIE KOURY,

    Defendant.

**ORDER GRANTING MOTION TO COMPEL ARBITRATION**

This matter is before the Court on Defendant's Motion to Compel Arbitration and Stay Proceedings (Doc. # 12). The Motion is granted for the following reasons.

**I.    BACKGROUND**

This case involves an alleged breach of an employment contract and misappropriation of trade secrets. (Doc. # 1, ¶¶ 30 – 47). Plaintiff, Vendavo, Inc., is "an enterprise software company." (Doc. # 1, ¶ 6). Defendant, Connie Koury, is a former Vendavo employee. (Doc. # 1, ¶ 7). Vendavo claims that Koury resigned from Vendavo to take a job with a competitor, in violation of her non-compete agreement. (Doc. # 1, ¶¶ 7, 14-18). Vendavo also claims that Koury is using its confidential business information to help her new employer compete with Vendavo. (Doc. # 1, ¶¶ 30-41).

Koury now seeks to compel arbitration based on the "Separation Agreement" she signed upon termination of her employment with Vendavo. (Doc. # 12, ¶ 11). Vendavo

concedes that the Separation Agreement contains a binding arbitration provision, but it argues that the claims asserted in this case are outside the scope of that provision. (Doc. # 23, pp. 2-3).

## II.   LEGAL STANDARD

Federal policy favors arbitration. *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Therefore, if the parties to a lawsuit have an arbitration agreement, the court generally must enforce that agreement. *AT&T Mobility LLC v. Concepion*, 561 U.S. 333, 339 (2011). However, where the parties disagree as to whether a particular dispute should be arbitrated, the court must determine whether the dispute falls within the scope of the agreement. *Moses H. Cone*, 460 U.S. at 24-25.

To determine the scope of the parties' arbitration agreement, the Court applies state-law principles of contract interpretation. *Avedon Engineering, Inc. v. Seatex*, 126 F. 3d 1279, 1286 (10th Cir. 1997). The court first evaluates whether the agreement is ambiguous. *Ad Two, Inc. v. City & County of Denver*, 9 P.3d 373, 376-77 (Colo. 2000). If the agreement is ambiguous, the Court will consider external evidence of the parties' intent. *Id*. If the agreement is unambiguous, however, the court "will not look beyond the four corners of the agreement"; it will enforce the agreement according to its plain language. *Id*.

"In the case of any doubt with respect to a contract term, [that term] should be construed most strongly against the drafter." *Mountain States Adjustment v. Cooke*, 2016 COA 80, ¶ 14. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone*, 460 U.S. at 24-25.

2

## III. ANALYSIS

The arbitration provision in the Separation Agreement provides, in relevant part: "**Arbitration of Disputes:** The Company and I agree to resolve on an individual basis any disputes we may have with each other through final and binding arbitration."[1] (Doc. # 12-1, p. 5). The parties agree that this provision constitutes a valid, enforceable agreement to arbitrate. (*See* Doc. # 12, ¶ 11; Doc. # 23, p. 2). They disagree, however, as to whether the claims asserted in this lawsuit fall within the scope of that agreement. Koury argues that the agreement requires arbitration of all disputes between her and Vendavo. (Doc. # 12, ¶ 11). Vendavo contends that the agreement "applies only to Koury's claims against Vendavo, not to Vendavo's claims against Koury." (Doc. # 23, p. 2). The Court agrees with Koury.

The Separation Agreement requires the parties to arbitrate "any disputes we may have with each other." (Doc. # 12-1, p. 5). The agreement does not define the term "any disputes," so the Court must construe that term "in harmony with the plain and generally accepted meaning of the words employed." *Ad Two, Inc.*, 9 P. 3d at 376. Because the word "any" is frequently used to mean "all" or "every," the Court concludes that "any disputes" means, in this context, all disputes between Koury and Vendavo. *See, e.g.* NEW OXFORD AMERICAN DICTIONARY 71 (3d ed. 2010) ("any" is used to refer to a "number of things, no matter how much or how many."); *see also* ROGET'S INTERNATIONAL

[1] "I" refers to Defendant Connie Koury; "Company" refers to Vendavo Holdings, Inc. (Doc. # 12-1, p. 3). Although the briefs do not explain the relationship between Vendavo Holdings, Inc. and Vendavo, Inc. (the plaintiff in this case), the parties apparently agree that the agreement is binding on Vendavo, Inc. (*See* Doc. # 23, pp. 2-3).

T<small>HESAURUS</small> 864.15 (7th ed. 2010) ("any" can be synonymous with "every"). This interpretation is consistent with the way the word "any" is used throughout the Separation Agreement:

- In paragraph two of the agreement, "any other persons" is used to mean "all other persons";
- The phrase "under any circumstances" in paragraph five signifies "under all circumstances";
- Koury's agreement not to disparage "any other Released Party" is apparently intended to cover all released parties; and
- In paragraph 10, "any claims or future rights" signifies "all" claims or future rights.

Therefore, the Court concludes that when the parties formed this arbitration agreement, they intended to arbitrate all disputes they may have with one another, including the claims asserted in this case.

Furthermore, even if the arbitration agreement were ambiguous on this point, the Court would be obliged to resolve that ambiguity against the drafter, Vendavo, and in favor of arbitration. *Mountain States Adjustment*, 2016 COA 80, ¶ 14; *Moses H. Cone*, 460 U.S. at 24-25. Therefore, the Court concludes that the claims asserted in this case fall within the scope of the arbitration provision, and they are subject to mandatory arbitration.

Vendavo argues, however, that "[t]here can be no legitimate dispute that the Separation Agreement goes solely to employment claims Koury might have against Vendavo." (Doc. # 23, p. 3). The Separation Agreement contains no such limitation. To

4

the contrary: the parties agreed to arbitrate "any disputes <u>we</u> may have <u>with each other</u>." (Doc. # 12-1, p. 5). Although the agreement does not define the terms "we" or "each other," common usage and common sense suggest that the parties meant "your disputes and my disputes," and not, as Vendavo contends, only to Koury's claims against Vendavo. (Doc. # 23, p. 2).

Vendavo also argues that "the arbitration provision that Koury references is only applicable to claims brought under the Separation Agreement." (Doc. # 23, p. 3). Again, the Separation Agreement contains no such limitation. Further, Vendavo contradicts itself on this point: Vendavo argues that if Koury brought employment claims, those claims would be subject to mandatory arbitration. (Doc. # 23, p. 3). The Separation Agreement does not create any right to bring an employment claim, so any employment claim would be "brought under" applicable employment law, not under the Separation Agreement. Therefore, the Court finds no reason to limit the arbitration agreement to claims "brought under the Separation Agreement."

Finally, Vendavo argues that the Court should ignore the Separation Agreement altogether: "Absent a finding that the Separation Agreement is referenced in the Complaint, or central to Vendavo's claims, the Court cannot consider the arbitration provisions contained in the Separation Agreement." (Doc. # 23, p. 6). Vendavo provides no authority to support this position. Therefore, the Court will not disregard the parties' valid and enforceable agreement to arbitrate the claims asserted in this case.

## IV.  CONCLUSION

For the foregoing reasons, the Motion to Compel Arbitration and Stay Proceedings (Doc. # 12) is GRANTED. The parties shall file a joint status report in this Court within sixty days, and every sixty days thereafter until the completion of the arbitration. The parties' status reports shall advise the Court of the status of the arbitration and whether this matter can be dismissed.

This matter will be administratively closed pending the outcome of arbitration.

DATED: November 12, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge