IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-00850-CMA-NYW

VENDAVO, INC.,

    Plaintiff,

v.

CONNIE KOURY,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ORDER CONFIRMING ARBITRATION AWARD AND DIRECTING ENTRY OF JUDGMENT**

---

This matter is before the Court on Defendant Connie Koury's Motion for Order Confirming Arbitration Award and Directing Entry of Judgment (the "Motion"). (Doc. # 48.) Plaintiff has not filed a response by the deadline to do so. The Motion is granted in part and denied in part, without prejudice, for the following reasons.

## I. BACKGROUND

On March 27, 2020, Plaintiff Vendavo, Inc. ("Vendavo") filed this action against Defendant Connie Koury ("Defendant Koury"), alleging breach of an employment contract and misappropriation of trade secrets. (Doc. # 1 at ¶¶ 30–47.) Vendavo is a "self-described 'software company' and 'enterprise software company.'" (Doc. # 48-1 at 2.) Defendant Koury is a former Vendavo employee. (*Id.*) Vendavo claimed that Defendant Koury violated her non-compete agreement when she commenced

employment with a competitor. (Doc. # 1 at ¶¶ 7, 14–18.) Vendavo also claimed that Defendant Koury was using its confidential business information to help her new employer compete with Vendavo. (*Id.* at ¶¶ 30–41.)

On May 4, 2020, Defendant Koury filed a Motion to Compel Arbitration and Stay Proceedings based upon a Separation Agreement between the parties. (Doc. # 12.) Vendavo conceded that the Separation Agreement contained a binding arbitration provision, but it argued that the claims asserted in this case were outside the scope of that arbitration provision. (Doc. # 23 at 2–3.) On November 12, 2020, the Court granted the motion to compel arbitration and administratively closed this matter pending the outcome of arbitration. (Doc. # 39.) The parties filed various status reports during the pendency of the arbitration. (Doc. ## 40, 42, 43.)

The arbitrator held an arbitration hearing on December 1 and 2, 2021. (Doc. # 48-1 at 2.) In her order, the arbitrator determined that Vendavo waived all objections to applicability of the Separation Agreement to the arbitration. (*Id.* at n.5.) On January 26, 2022, the arbitrator entered the final Arbitration Award (Doc. # 48-1) in favor of Defendant Koury and against Vendavo, as follows:

1. Finding "insufficient or probative evidence presented which supported Vendavo's claims pled" and dismissing all claims against Defendant Koury. (Doc. # 48-1 at 17 ¶ 1.)

2. Ordering Vendavo "to pay all arbitrator, arbitration fees and costs and attorney's fees and costs of Koury, including all such fees and costs from the action in the Federal Court and with JAMS." (*Id.* at ¶¶ 1–2.)

3. Awarding attorneys' fees in the amount of $146,484.70 and ordering Vendavo to pay all amounts owing to Koury, including any remaining arbitrator fees. (*Id.* at 18 ¶ 2.)

4. Ordering Vendavo to pay all arbitrator and arbitration fees, including reimbursing Defendant Koury for any amounts she paid to JAMS for arbitration and arbitrator costs and fees. (*Id.* at ¶ 3.)

5. Ordering Vendavo to pay statutory interest pursuant to Colorado law on any amounts remaining unpaid under the Final Order. (*Id.* at ¶ 4.)

On February 16, 2022, Defendant Koury filed the Motion, requesting that the Court enter an order confirming the Arbitration Award, directing judgment in conformity with the Arbitration Award, awarding post-judgment interest, and awarding all attorney fees and costs in this proceeding. (Doc. # 48 at 3.) Defendant Koury indicated that Vendavo opposed the Motion. However, Vendavo did not file a response by the deadline to do so.

## II.     LEGAL STANDARD

Confirmation of an arbitration award under § 9 of the Federal Arbitration Act (the "FAA") is intended to be summary; the Court "must grant . . . an order [confirming the award] unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. A district court "does not sit to hear claims of factual or legal error by an arbitrator as if it were an appellate court reviewing a lower court's decision." *Morrill v. G.A. Wright Mktg., Inc.*, No. 04-cv-01744-MSK-BNB, 2006 WL 2038419, at *1 (D. Colo. July 18, 2006) (citation omitted). Generally, maximum deference is owed to the arbitrators because the parties

have contracted to use binding arbitration rather than litigation as a means to resolve their disputes. *THI of New Mexico at Vida Encantada, LLC v. Lovato*, 864 F.3d 1080, 1083 (10th Cir. 2017). Thus, arbitral awards must be confirmed even in the face of errors in an arbitration panel's factual findings, or its interpretation and application of the law. *Mid Atl. Cap. Corp. v. Bien*, 956 F.3d 1182, 1194 (10th Cir. 2020).

## III. ANALYSIS

The Court finds no grounds to vacate, modify, or correct the arbitration award. As an initial matter, Plaintiff has not responded to Defendant Koury's Motion. Thus, possible errors requiring reversal have not been presented to the Court. Based on the record before it, the Court finds there is no evidence of errors requiring reversal. *See Bean*, 956 F.3d at 1204.

Further, the Court finds that the arbitration occurred pursuant to a valid arbitration clause. Vendavo initially argued that the issues in this action were outside the scope of the arbitration provision contained in the Separation Agreement. (Doc. # 23.) However, the Court determined that the claims brought in this action were subject to arbitration pursuant to the Separation Agreement. (Doc. # 39.) In addition, the arbitrator noted that Vendavo abandoned this position in arbitration, and the arbitrator specifically found that the claims were governed by the Separation Agreement. (Doc. # 48-1 at 3 n.5.) Accordingly, the Court will grant in part the Motion and confirm the arbitration award based on these findings.

The Court notes, however, that Defendant Koury requested an award of "post-judgment interest." (Doc. # 48 at 3.) Yet, the Arbitration Award ordered that "[s]tatutory

4

interest shall run pursuant to Colorado law, if applicable, on any amounts remaining unpaid under the Final Order." (Doc. # 48-1 at 18 ¶ 4.) Defendant Koury has not provided any authority for the Court to determine whether statutory interest is applicable in this case. *See Bien*, 956 F.3d at 1208–1211 (discussing at length when post-judgment interest attaches to an arbitration award). Additionally, Defendant Koury has not identified any "amounts remaining unpaid under the Final Order," as set forth in the Arbitration Award. Thus, the Court denies, without prejudice, Defendant Koury's request for an award of post-judgment interest.

## IV.  CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

- Defendant Connie Koury's Motion for Order Confirming Arbitration Award and Directing Entry of Judgment (Doc. # 48) is GRANTED in part and DENIED in part, as outlined above.

- The Arbitration Award (Doc. # 48-1) is CONFIRMED.

- Plaintiff Vendavo, Inc. is ORDERED to pay all arbitrator and arbitration fees, as set forth in the Arbitration Award.

- Plaintiff Vendavo, Inc. is further ORDERED to pay attorneys' fees to Defendant Koury in the amount of $146,484.70, as set forth in the Arbitration Award.

- The Court DENIES, without prejudice, Defendant Koury's request for an award of post-judgment interest. To the extent Defendant Koury wishes to renew the request, she shall have fourteen days from the date of this

    Order to file a motion outlining whether statutory interest is applicable, the amount of statutory interest applicable, and whether any amounts remain unpaid under the Final Order, as set forth in the Arbitration Award.

- To the extent Defendant Koury seeks additional attorney's fees in connection with the Motion for Order Confirming Arbitration Award and Directing Entry of Judgment (Doc. # 48), Defendant Koury shall have fourteen days from the date of this Order to file a separate motion for attorneys' fees that demonstrates she is entitled to such fees and that such fees are reasonable.

By Order dated November 12, 2020, this case was Administratively Closed pending the outcome of arbitration (Doc. # 39).   The Clerk of the Court is directed to close this case pursuant to this Order.

DATED: March 18, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge